IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFREDO SANTIAGO TENA,

        Petitioner,

vs.                                              No. CV 21-00201 KG/GJF

AW JACKSON WARDEN,
SONIA K. CHAVEZ USMS,
DONALD W. WASHINGTON DIRECTOR USMS

        Respondents.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Petitioner Alfredo Santiago Tena's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). For the reasons explained below, the Court will dismiss Petitioner Alfredo Santiago Tena's Petition under 28 U.S.C. § 2241 without prejudice as premature, deny all pending motions as moot, and deny a certificate of appealability.

Petitioner Alfredo Santiago Tena is a pretrial detainee in federal custody at the Cibola County Correctional Center. (Doc. 1 at 1). He brings this as a habeas corpus proceeding under 28 U.S.C. § 2241. (Doc. 1 at 1). However, his Petition challenges the proceedings in his underlying federal criminal case, CR 21-00318 KWR (MJ 21-01528 KK). His Petition raises eight grounds for relief:

> (1) Ground One: Subject Matter Jurisdiction "Government entities and alleged private corporations must be a creature of the american constitution. This is a formal request and command for the united states district court to produce for the record the physical documented delegation of authority as proof of jurisdiction." (Doc. 1 at 6);
>
> (2) Ground Two: Warden Act of 2005 (Doc. 1 at 6);
>
> (3) Ground Three: Due Process Violation No bond hearing within 7 months. (Doc. 1 at 6);
>
> (4) Ground Four: No excessive bond (Doc. 1 at 6);

(5) Ground Five: "[t]he all Capital Name is foreign to the US . . .The courts do not have Jurisdiction in Personam or subject matter over the estate only probate court can bring a claim in to one described on the ALFREDO SANTIAGO TENA birth certificate." (Doc. 1 at 7);

(6) Ground Six: Invalid affidavits of probable cause (Doc. 1 at 7);

(7) Ground Seven: No indictment or probable cause hearing (Doc. 1 at 7);

(8) Ground Eight: Ineffective counsel 6th Amendment violation (Doc. 1 at 7).

In his request for relief, Tena asks the Court to "[r]elease the (collateral) body immediately or Setup a bond hearing within 7 days." (Doc. 1 at 9).

Petitioner Tena seeks relief under 28 U.S.C. § 2241.The Petition is a request to review errors allegedly made during proceedings in the criminal case while that case is still pending. (Doc. 1 at 6-7). Section 2241 may only be used by a federal prisoner to challenge the legality of a criminal prosecution, conviction, or sentence in limited circumstances, and federal habeas relief under § 2241 is not available to Mr. Tena under the circumstances of this case. *See, e.g., Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011).

Habeas relief is only authorized under § 2241 if the remedy available under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of a criminal defendant's detention." 28 U.S.C. § 2255; *Bradshaw v. Story*, 86 F.3d 164, 167 (10th Cir. 1996); *see also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("a section 2241 petition that seeks to challenge a federal sentence or conviction - thereby effectively acting as a section 2255 motion - may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective"). Moreover, a petitioner "bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." *Bradshaw v. Story*, 86 F.3d at 167. Here, Petitioner Tena has made no showing that a properly filed motion under § 2255 will be inadequate or ineffective

2

to test the legality of his detention. Therefore, Mr. Tena has not demonstrated that federal habeas relief is available to him under § 2241.

Petitioner Tena is also not entitled to relief under 28 U.S.C. § 2255 at this stage of the proceedings. Title 28, section 2255 provides, in relevant part, as follows:

> "A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence."

28 U.S.C. § 2255(a). Petitioner Tena is not currently "in custody under a sentence of a court established by Act of Congress" as § 2255(a) requires. The one-year time period for filing a § 2255 motion does not even begin to run, in relevant part, until "[t]he date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

The Supreme Court of the United States has held that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States,* 537 U.S. 522, 527 (2003). If an appeal is filed, the district court is precluded "from considering a § 2255 motion while review of the direct appeal is still pending," absent the existence of extraordinary circumstances. *United States. v. Cook,* 997 F.2d 1312, 1319 (10th Cir.1993). "If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct appeal." *United States v. Prows,* 448 F.3d 1223, 1227–28 (10th Cir.2006).

Petitioner Tena's conviction is not final because he has not been convicted or sentenced, judgment has not been entered, and he has not yet had an opportunity to file a direct appeal. The Court will therefore dismiss Mr. Tena's Petition, whether construed as a § 2241 petition or a § 2255 motion, without prejudice as premature. *See United States v. Bailey,* No. 96–40063–01–SAC,

1998 WL 214888, at *2 (D.Kan. March 20, 1998) (noting that "courts have apparently agreed that § 2255 motion filed before sentence is actually imposed should be dismissed as premature"); *United States v. Folse*, No. CIV 16-0196 JB/WPL, 2016 WL 1425828, at *1–2 (D.N.M. Mar. 31, 2016).

Because Petitioner Tena's Petition is premature, either as a § 2241 petition or a §2255 motion, he has not made a substantial showing of the denial of a constitutional right as 28 U.S.C. § 2253(c)(2) requires. Accordingly, the Court will deny a certificate of appealability under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Also pending before the Court are Petitioner Tena's Motion for: Custody or Release of a Prisoner in Habeas Corpus Proceedings (Doc. 4) and Motion for: Judgment on the Pleadings (Doc. 5). The Court will deny the pending motions as moot in light of the dismissal of this proceeding.

**IT IS ORDERED:**

(1) Petitioner Alfredo Santiago Tena's Motion for: Custody or Release of a Prisoner in Habeas Corpus Proceedings (Doc. 4) and Motion for: Judgment on the Pleadings (Doc. 5) are **DENIED** as moot;

(2) the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) filed by Petitioner Alfredo Santiago Tena is **DISMISSED without prejudice**;

(3) a certificate of appealability is **DENIED**;

(4) final judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE